UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | No. 6:04-CR-63-DCR |
| v. | ) | No. 6:09-CV-7065-DCR |
| | ) | |
| GILBERT DARREN SIMPSON, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On March 2, 2009, Gilbert Darren Simpson, proceeding *pro se*, filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 102). The United States filed a response to the § 2255 motion on July 22, 2009 (D.E. 111), to which Movant has filed a reply (D.E. 115). Pursuant to local practice, this matter was referred to the undersigned for a recommended disposition. 28 U.S.C. § 636(b). For the reasons set forth below, Movant's § 2255 motion to vacate is time barred. Therefore, the Court **RECOMMENDS** that his motion be **DENIED**.

## I. BACKGROUND

On August 26, 2004, a federal grand jury returned a five-count indictment alleging that Movant conspired with others to distribute a large quantity of marijuana and methamphetamine, and that Movant possessed, with intent to distribute, a large quantity of pills containing oxycodone and benzodiazepine. (D.E. 9). On August 22, 2005,

Movant was adjudged guilty of three of those counts and sentenced to a term of imprisonment of 360 months followed by a term of supervised release of 8 years. (D.E. 76). On August 30, 2005, Movant appealed to the Sixth Circuit, which affirmed his conviction on May 8, 2007. *See United States v. Simpson*, 226 F. App'x 556 (6th Cir. 2007) (unpublished). Movant then filed a petition for writ of certiorari before the Supreme Court on February 14, 2008, which was denied on March 24, 2008. On March 2, 2009, Movant filed the instant motion to vacate wherein he alleges claims of ineffective assistance of counsel.[1]

## II. DISCUSSION

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a" federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). However, such a motion must be filed within one year from the latest of four specified dates. 28 U.S.C. § 2255(f). Of those dates, only one is relevant here: "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1). Absent a direct appeal, a judgment becomes final on "the date that mark[s] the expiration of the . . . time period . . . when [the defendant] could have filed a timely appeal . . . ." *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008). This generally occurs 14 days after a judgment of conviction is rendered. *See* Fed. R. App. Proc. 4(b)(1)(A) (providing defendants 14 days to file a notice of appeal in a criminal case);

---

[1] Although Defendant's motion was not docketed by the district court clerk until March 5, 2009, Defendant declared under penalty of perjury that he placed the motion in the prison's mailing system on March 2, 2009. (D.E. 102 at 12). Thus, the Court will treat Defendant's motion as having been filed on March 2, 2009. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)).

*Benitez*, 521 F.3d at 629-30 ("Rule 4(b)(1) of the Federal Rules of Appellate Procedure governs when a judgment of conviction becomes final for the purposes of 28 U.S.C. § 2255(f)(1)") (citation omitted). However, where, as here, a defendant files a timely notice of appeal before the applicable court of appeals, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003) (citation omitted).

### A. Statute of Limitations

In this case, Movant's deadline for filing a petition for a writ of certiorari with the Supreme Court expired on August 6, 2007—90 days after the Sixth Circuit affirmed Movant's conviction. *See* Sup. Ct. R. 13.1 (90-day deadline for filing petition for writ of certiorari). However, Movant did not file a petition for writ of certiorari until February 14, 2008, which was promptly denied by the United States Supreme Court on March 24, 2008. *See* Docket, *Simpson v. United States*, No. 07-9477 (Feb. 14, 2008) (noting that petition was filed on February 14, 2008), *cert. denied*, 552 U.S. 1290 (Mar. 24, 2008).[2] Not surprisingly, Movant argues that the one-year limitations period began to run when his petition for certiorari was denied by the Supreme Court on March 24, 2008, in which case his § 2255 motion filed on March 2, 2009, is timely. Respondent, on the other hand, argues that the limitations period began to run when the time for filing a petition for writ

---

[2] It appears that on November 20, 2007, Movant filed a motion with the Supreme Court for an extension of time to file a petition for writ of certiorari. (D.E. 102-5 at 6). The motion was rejected by the Clerk as untimely. (*Id.*). The Clerk informed Movant that he could submit an untimely petition (*id.*), which he did on February 14, 2008.

3

of certiorari elapsed on August 6, 2007, in which case Movant's § 2255 motion is untimely.

The law of at least two circuits supports Respondent's position. Both have held that an untimely petition for writ of certiorari that is subsequently denied by the Supreme Court does not toll the limitations period which otherwise begins to run 90 days after the appellate court renders its decision. *See, e.g.*, *United States v. Bendolph*, 409 F.3d 155, 158-59 (3d Cir. 2005); *Edwards v. United States*, 295 F. App'x 320, 321 (11th Cir. 2008) (unpublished). Like Simpson, the movant in *Bendolph* filed his § 2255 motion within one year of the Supreme Court's denial of his untimely petition for writ of certiorari, but more than one year after the 90-day period had elapsed following the Third Circuit's decision on direct appeal. *Bendolph*, 409 F.3d at 158. The Third Circuit held that, like his Supreme Court petition, the movant's § 2255 motion "too was untimely: [the movant] was obligated under the AEDPA's one-year statute of limitations to have filed his motion . . . one year from the date on which the 90 day period to file a petition for certiorari had ended." *Id.* The movant "did not get the benefit of tolling for the time the petition was under consideration by the Supreme Court because the petition was untimely and therefore not properly filed." *Id.* at 158, n.5. Similarly, the Eleventh Circuit has held that where a movant's "petition for writ of certiorari in the Supreme Court [is] untimely, the petition d[oes] not toll the time for filing [a] § 2255 motion." *Edwards*, 295 F. App'x at 321.

Numerous district courts have likewise concluded that an untimely petition for certiorari does not make an otherwise final judgment "non-final." *See, e.g.*, *Darby v.*

*United States*, No. 2:09cv52-WHA, 2009 WL 856994, at *1 (M.D. Ala. Mar. 26, 2009) ("Because, in the absence of a petition for writ of certiorari, the judgment became final after expiration of the 90-day period, the judgment did not revert back to being 'non-final' because of [the movant's] subsequently filed—and late—petition for writ of certiorari."); *Bernard v. United States*, No. 09-CV-3270 (FB), 2010 WL 391381, at *1 n.2 (E.D.N.Y. Jan. 29, 2010) (noting that if the limitations period commenced when the Supreme Court denied an untimely petition for certiorari, "a § 2255 petitioner would be able to restart the limitations period—at any time—by filing an untimely petition for certiorari."); *Dedona v. United States*, No. 08-2046 (MLC), 2009 WL 2778386, at *4 n.3 (D.N.J. Aug. 31, 2009) (despite an untimely petition for certiorari, the movant's § 2255 motion was untimely as it "was filed long after the 90-day period for requesting certiorari had expired.") (citing *Bendolph*, 409 F.3d at 185 n.5); *Hamerter v. United States*, No. DKC-07-111, 2007 WL 1521059, at *1 (D. Md. May 21, 2007) ("[Movant] states that the statute of limitations should begin to run anew after the denial of his untimely-filed petition for writ of certiorari. For the reasons stated above, this court disagrees."); *United States v. Saint-Jean*, 684 F. Supp. 2d 767, 774 (W.D. Va. 2010) ("an untimely petition for writ of certiorari in the Supreme Court does not toll the time for filing a § 2255 motion") (citing *Edwards*, 295 F. App'x at 321).

The Court agrees with these cases which hold that the statute of limitations does not begin to run when the Supreme Court denies an untimely certiorari petition. Rather, the statute of limitations commences at the end of the 90-day period following the appellate court's decision, assuming a certiorari petition has not been filed before the

5

expiration of that period. Thus, having failed to file his § 2255 motion on or before August 6, 2008—that is, one year after the expiration of the 90-day period for petitioning the Supreme Court for a writ of certiorari—Movant's motion is untimely unless he is entitled to equitable tolling.

## B. Equitable Tolling

Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) (citing *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001)). The doctrine, however, applies "sparingly," and the movant "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. ----, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Absent such a showing "a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quotation omitted).

In support of his argument that he was diligent in pursuing his rights, Movant points out that his attorney told him that the Sixth Circuit generally renders its decisions three to six months after oral arguments. (D.E. 102-5 at 2). On Movant's direct appeal, oral arguments took place on March 5, 2007. (D.E. 102-5 at 2). Like a typical client, Movant was expecting to be notified by his attorney of the Sixth Circuit's decision shortly after it was rendered. (D.E. 115 at 2). Becoming suspicious, Movant began to

6

inquire into the matter in mid-October 2007 when he still had not heard from his attorney regarding the status of his case. (*Id.*). According to Movant, he unsuccessfully attempted to contact his attorney in October. (*Id.*). His mother, however, finally made contact on October 30, 2007. (*Id.*; D.E. 115-2 at 1). Nevertheless, Movant states that his attorney never notified him of the Sixth Circuit's May 8, 2007, opinion affirming his conviction until December 4, 2007, by way of a letter he received from his attorney. (D.E. 102-5 at 5). Between October 30, 2007, and December 4, 2007, Movant attempted to determine the status of his case by requesting a copy of the decision directly from the Sixth Circuit. (*Id.* at 3). He also sought an extension of time to file a petition for writ of certiorari before the Supreme Court on November 20, 2007, though that motion was untimely. (*Id.* at 4).

Movant argues that his attorney's alleged failure to timely notify him of the Sixth Circuit decision "resulted in an out of time petition for writ of certiorari—which, ultimately contributed to the untimely Motion pursuant to Section 2255." (D.E. 115 at 3). The Court disagrees with Movant's suggestion that his out-of-time petition for writ of certiorari had any effect on his ability to file a timely § 2255 motion. Assuming that Movant's circumstances entitle him to any equitable tolling at all, that tolling would extend the commencement of the limitations period, at most, to January 3, 2008. On January 3, the Supreme Court Clerk notified Movant that his effort to petition the Supreme Court for a writ of certiorari was untimely. (*See* D.E. 102-5 at 6). Even before January 3, Movant's own attorney notified him by a letter written on December 4, 2007, of the Sixth Circuit's decision. (*Id.* at 5). In fact, the attorney also told Movant that

"your next move would be to consider filing an ineffective assistance claim against me as your trial lawyer." (*Id.*). The Court finds that any impediment that prevented Movant from filing his § 2255 motion was eliminated by January 3, 2008; Movant was then fully informed of all the necessary information such that he could file a timely § 2255 motion. Nevertheless, Movant waited approximately 14 months after January 3 to file his § 2255 motion. This certainly does not show diligence on the part of Movant. Simply put, the Court finds that Movant's failure to file a timely § 2255 motion was the result of his mistaken belief that the limitations period began to run when the Supreme Court denied his untimely petition for writ of certiorari. (D.E. 102-2 at 5). Nevertheless, the Sixth Circuit "has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

### C. Movant's § 2255 Motion is Untimely

In short, the Court has determined that Movant failed to timely file his § 2255 motion and that equitable tolling does not apply so as to render the motion timely. Thus, the motion is barred by the applicable statute of limitations. *See* 28 U.S.C. § 2255(f)(1).

### III. CONCLUSION

Having reviewed Defendant's motion for § 2255 relief, along with supporting memoranda and exhibits, the Court concludes that Defendant's motion is untimely. Therefore, the Court **RECOMMENDS** that Defendant's motion to vacate, set aside, or correct his sentence (D.E. 102) be **DENIED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 16th day of December, 2010.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge