UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 04-63-DCR |
| | ) | Civil Action No. 6: 09-7065-DCR |
| V. | ) | |
| | ) | |
| GILBERT DARREN SIMPSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant/Movant Gilbert Darren Simpson's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 102] Consistent with local practice, the matter was referred to United States Magistrate Judge Hanley A. Ingram for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed his Recommended Disposition on December 16, 2010. [Record No. 120] Based on his review of the record and applicable law, Magistrate Judge Ingram recommended that Simpson's motion be denied. Neither party has filed objections to the Recommended Disposition.

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to

-1-

file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See id.* at 147–48; *Wright v. Holbrook*, 794 F.2d 1152, 1154–55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Recommended Disposition.

Simpson was charged on August 26, 2004, in a five-count indictment alleging that he conspired with others to distribute a large quantity of marijuana and methamphetamine and that he possessed, with intent to distribute, a large quantity of pills containing oxycodone and benzodiazepine. [Record No. 9] On April 13, 2005, a jury found Simpson guilty on Counts 1, 2, 4, and 5 of the Indictment. [Record No. 64] Count 5 was later dismissed on motion by the United States. [Record No. 76] On August 22, 2005, Simpson was sentenced on Counts 1, 2, and 4 to a term of imprisonment of 360 months, followed by a term of supervised release of eight years. [*Id.*] On August 30, 2005, Simpson appealed to the Sixth Circuit, which affirmed his conviction on May 8, 2007. *United States v. Simpson*, 226 Fed. App'x 556 (6th Cir. 2007). Almost nine months later, on February 14, 2008, Simpson filed a petition for writ of certiorari with the Supreme Court. This petition was denied as untimely on March 24, 2008. Finally, on March 2, 2009, Simpson filed this motion to vacate his sentence, alleging claims of ineffective assistance of counsel.

In short, the magistrate judge was correct in concluding that Simpson's motion is time-barred. As a general matter, a motion to vacate, set aside, or correct a sentence must be filed within one year from the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f) (which provides four specified dates on which the limitations period for § 2255 actions

may commence). Absent a direct appeal, a judgment becomes final on "the date that mark[s] the expiration of the . . . time period . . . when [the defendant] could have filed a timely appeal." *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008). In this case, the Magistrate Judge correctly found that Simpson's conviction became final on August 6, 2007 — 90 days after the Sixth Circuit affirmed his conviction. *See* Sup. Ct. R. 13.1 (providing a 90-day deadline for filing a petition for a writ of certiorari). However, Simpson did not file the present motion until March 2, 2009, well outside the one-year limitations period for § 2255 motions.

Simpson asserts that the limitations period should not have commenced until the date his untimely petition for a writ of certiorari to the Supreme Court was denied (March 24, 2008). However, as the Magistrate Judge correctly noted, an untimely appeal will not delay the running of the limitations period. [*See* Record No. 120, p. 4–5] The Third Circuit stated the rule clearly, holding that the movant "did not get the benefit of tolling for the time the petition was under consideration by the Supreme Court because the petition was untimely and therefore not properly filed." *United States v. Bendolph*, 409 F.3d 155, 158 n.5 (3d Cir. 2005). In other words, once the judgment is final and the limitations period commences, filing an untimely appeal will not delay the running of the statute. *See Edwards v. United States*, 295 F. App'x 320, 321 (11th Cir. 2008) (stating that when a movant's "petition for writ of certiorari in the Supreme Court was untimely, the petition did not toll the time for filing his § 2255 motion"). Therefore, because Simpson failed to file his § 2255 motion on or before August 6, 2008 (*i.e.*, one year after the 90-day window for an appeal to the Supreme Court expired and his judgment became final), his motion is untimely.

Further, Simpson is not entitled to equitable tolling. The Magistrate Judge correctly noted that this doctrine applies "sparingly" and the movant "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Equitable tolling can only be applied if the movant shows: (1) that he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Simpson claims that he was not notified by his attorney in a timely fashion that the Sixth Circuit had denied his appeal and, therefore, was unaware that the statute of limitations for this action had begun running. However, the Magistrate Judge found that these facts alone do not show a sufficiently exceptional circumstance to justify equitably tolling the statute. Further, Simpson was fully informed of the Sixth Circuit's decision by December 4, 2007. At that time, his attorney wrote to him: "your next move would be to consider filing an ineffective assistance claim against me as your trial lawyer." [Record No. 120, p. 7–8] Even if the statute had run from that date, Simpson's motion would be outside the limitations period and untimely. Simpson has not met his burden of demonstrating that he is entitled to equitable tolling.

In conclusion, Simpson's motion is untimely because it was entered more than one year after his judgment became final and he is not entitled to equitable tolling. His motion is barred by the statute of limitations set forth in 28 U.S.C. § 2255(f)(1). And with respect to whether a certificate of appealability should issue, the grounds presented by Simpson fail to present a close constitutional issue that reasonable jurists would debate. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge Ingram's Recommended Disposition [Record No. 120] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Gilbert Darren Simpson's motion to amend, vacate, or set aside his sentence, pursuant to 28 U.S.C. § 2255, [Record No. 102] is **DENIED**.

3. A Certificate of Appealability shall not issue because Simpson has not made a substantial showing of the denial of any substantive constitutional right;

4. This habeas proceeding is hereby **DISMISSED** and **STRICKEN** from the docket.

This 4th day of January, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge