UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 04-63-DCR |
| | ) | Civil Action No. 6: 09-7065-DCR |
| V. | ) | |
| | ) | |
| GILBERT DARREN SIMPSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court for the consideration of the Movant/Defendant Gilbert Darren Simpson's objections to the recommended disposition of the Magistrate Judge. [Record No. 123] For the reasons discussed herein, Simpson's objections will be overruled.

On December 16, 2006, Magistrate Judge Hanley A. Ingram issued a Recommended Disposition [Record No. 120] advising that Simpson's § 2255 motion was untimely filed and that equitable tolling. As a result, he recommended that the relief requested be denied as a matter of law. Simpson was given fourteen days to file specific written objection to any or all findings or recommendations. [*Id.*] However, timely objections were not submitted.

On January 4, 2011, after a *de novo* review of the record and conclusions of the Magistrate Judge, the Court entered a Memorandum Opinion and Order and a Judgment. [Records No. 121, 122] The Court adopted the Magistrate Judge's recommended disposition, denied Simpson's § 2255 motion, and dismissed the case. [Record No. 121] Then, on January

10, 2010, Simpson filed his objections. [Record No. 123] The Court will now consider those objections.

Simpson does not dispute that his § 2255 motion was untimely. And he does not object to the date on which the Magistrate Judge calculated that the limitations period commenced. However, he contends that: 1) the Magistrate Judge incorrectly concluded that he was not entitled to equitable tolling; 2) the "Jailhouse Lawyer" who provided assistance in filing his § 2255 motion was ineffective and, therefore, his tardy filing was justified; and 3) his mental incompetence entitles him to equitable tolling. The Court has already fully addressed the equitable tolling issue. [Record No. 121, p. 4] After a *de novo* review, the Court found that Simpson had not demonstrated the proper basis for equitable tolling. Even if he had, Simpson admits that he knew about the 6th Circuit's decision on Dec. 4, 2007. Had the clock begun to run at that time, Simpson's motion that he filed in March of 2009 still would have been outside the one-year limitations period. As a result, Simpson has failed to show that he was sufficiently diligent in pursuing his rights to justify application of equitable tolling.

Simpson is also incorrect in arguing that his delay in filing should be excused as a result of ineffective assistance of counsel. [Record No. 123, p. 2–6] Courts have consistently held that Petitioners have "no right to counsel in the prosecution of a § 2255 motions." *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir 2001); *States v. Baker*, 197 F.3d 211, 218–19 (6th Cir. 1999). Therefore, none of the Sixth Amendment's guarantees apply to § 2255 petitions or proceedings. Simpson was not entitled to a lawyer to aid in the preparation of his § 2255

motion, so he cannot now blame his error on bad "legal" advice from someone unauthorized to practice in this Court.

Finally, Simpson appears to argue that his alleged "mental incompetence" somehow excuses his delay in filing and entitles him to equitable tolling. [Record No. 123, p. 7] He cites *McSwain v. Davis*, 287 F. App'x 450 (6th Cir. 2008), which states that while mental incapacity *may* warrant equitable tolling, it is not a *per se* reason to toll the statute. *Id.* at 456. "[T]o be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *Id.* (citing *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003)). Simpson does not met either of these prongs. He has not made an initial showing of incompetence. In fact, Simpson filed a quite competent – albeit misplaced – set of objections to the Magistrate Judge's recommended disposition. Neither has Simpson shown that any alleged mental incompetence played a role in his untimely filing. His pleadings make clear that Simpson has competently pursued his claim by different channels since his conviction. Therefore, the Court does not find that the statute should have been tolled as a result of alleged incompetence.

In summary, the Court has fully considered the Petitioner/Defendant's objections, but they do not change the conclusion of its January 2, 2011 Memorandum Opinion and Order. Accordingly, it is hereby

**ORDERED** that /Defendant Gilbert Darren Simpson's Objections to the Magistrate Judge's Recommended Disposition are **OVERRULED**.

This 10th day of January, 2011.

