UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-63-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GILBERT DARREN SIMPSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Gilbert Simpson is currently serving a term of imprisonment of 360 months following his conviction for conspiring to distribute and distributing marijuana and possessing with intent to distribute oxycontin in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 76] Simpson unsuccessfully appealed his conviction, and subsequently, the Supreme Court denied Simpson's petition for a writ of certiorari. [Record Nos. 98; 99; 101] On March 5, 2009, the defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 102] Following a Recommended Disposition from a United States Magistrate Judge, the Court denied the motion. [Record Nos. 121; 122] The Court also denied Simpson's request for reconsideration. [Record No. 126]

On August 5, 2013, Simpson filed a "Motion for Resentencing" that referenced 18 U.S.C. § 3582(c)(2) and recent amendments to the United States Sentencing Guidelines ("U.S.S.G."). [Record No. 130] Because the defendant was actually challenging his sentencing as a career offender under the Sentencing Guidelines, the Court construed the submission as a successive motion to vacate under 28 U.S.C. § 2255, transferring it to the

United States Court of Appeals for the Sixth Circuit. [Record No. 131] The Sixth Circuit denied Simpson permission to file a successive motion under § 2255. [Record No. 133]

On this date, the defendant has filed a second motion for a reduction of his sentence based on 18 U.S.C. § 3582(c)(2) and recent amendments to the U.S.S.G. [Record No. 134] However, the motion will be denied because Simpson's guideline range is unaffected by the recent amendments. Title 18 of the United States Code, § 3582(c), prohibits the Court from modifying a term of imprisonment once it has been imposed except under very limited circumstances, none of which are applicable here. Section 3582(c)(2) only gives the Court authority to reduce a sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as long as the reduction is consistent with the applicable policy statements issued by the Commission. The recent amendments reduce the base offense level within the drug quantity table found in U.S.S.G. § 2D1.1(c).

However, as previously noted, Simpson was sentenced as a career offender under U.S.S.G. § 4B1.1. [Record No. 85, p. 5] His guideline range was not based on the drug quantity table; therefore, the recent amendments do not apply to his sentence. *See, e.g.*, *United States v. Wherry*, 518 F. App'x 434, 437–38 (6th Cir. 2013) (rejecting argument that Amendment 750 applies to career offenders). Thus, his non-binding guideline range remains unchanged and 18 U.S.C. § 3582(c) is inapplicable. Further, even if Simpson were eligible for a reduction, it would not be warranted in light of the sentencing goals of 18 U.S.C. § 3553(a). Accordingly, it is hereby

**ORDERED** that Defendant Gilbert Simpson's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) [Record No. 134] is **DENIED**.

- 3 -

This 26th day of April, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

- 3 -